## Austin M. Purves, Plff. in Err., v. William H. Lex.

## Same v. Herman F. Bachman.

## Same v. William Gerlach.

## Same v. Edward V. Maitland, to Use, etc.

A debt due from a third person to the defendant in a judgment (here, the share of the defendant as legatee in the estate of a decedent in the hands of an executor) may be attached by service upon the garnishee of a writ of attachment issued on the judgment, in the manner provided for the service of a writ of summons in a personal action.

(Argued April 4, 1887.    Decided April 18, 1887.)

January Term, 1887, Nos. 158–161, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas No. 1 of Philadelphia County to review a judgment discharging a rule to show cause why certain judgments and executions in attachment proceedings should not be set aside.    Affirmed.

Reported below, 1 Pa. Co. Ct. 206.

This is a contention between two sets of attachment creditors.

Herman F. Bachman, William Gerlach, Edward V. Maitland, and William H. Lex obtained separate judgments against John J. Thomas, and caused attachments to be issued thereon against Thomas Shipley, executor of the will of Samuel Harvey, Jr., deceased, to attach in his hands the interest of the defendant, John J. Thomas in said estate, he being a legatee under the will of said Harvey.    To each of the three former writs the sheriff made following return:

"Attached as commanded and made known to garnishee as follows: by leaving a true and attested copy of the within writ at the dwelling house of Thomas Shipley, executor, etc., residing at corner Locust and Magnolia avenues, Germantown, with an

Cited in Sweeting v. Wanamaker, 16 Pa. Co. Ct. 268.

NOTE.—The provision in the act of June 16, 1836, for the service of an attachment in the same way as a summons in a personal action, refers to the manner, and not to the time, of serving it.    Struemple v. Sausser, 8 Pa. Dist. R. 53.

adult member of his family, December 5, 1884, at 11:45 A. M., and by giving a like copy to John J. Thomas, defendant, and making known to him the contents thereof, December 5, 1884."

The return to the last writ was similar in all respects, save that it was served on the garnishee later in the same day, and on the defendant, December 6, 1884.

Judgments were entered upon the answers of the garnishee to the interrogatories filed, to bind only such sum or sums as should be found to be due to John J. Thomas as legatee and distributee, upon the settlement of the estate of said Harvey.

On December 4, 1885, Maitland, Gerlach, and Bachman issued writs of fi. fa. returnable the first Monday of December, 1885, under which the sheriff levied on all the real and personal property of John J. Thomas, the defendant, in the hands and possession of Thomas Shipley, as garnishee, and all the interest of the said John J. Thomas, of, in, and to the estate of Samuel Harvey, Jr., deceased, in the hands of Thomas Shipley, as executor aforesaid.

The sale was advertised for Wednesday, December 30, 1885.

No execution was issued in the Lex case. Subsequent to the service of the writs of attachment in the cases as above mentioned, Austin M. Purves, on a judgment obtained in the U. S. circuit court, caused an attachment to be issued against Thomas Shipley as executor of Samuel Harvey, Jr., deceased, to which the marshal made the following return:

"Attached as commanded by going to Thomas Shipley on Monday, December 7, 1885, at 12:30 P. M., at his office No. 21 North Seventh street, Philadelphia, and then and there declaring in his presence and in the presence of George Frescoln, of No. 21 North Seventh street, and Elliston P. Morris, of 21 North Seventh street, two credible persons of the neighborhood, that I attached the goods and effects of John J. Thomas, in the hands of the said Thomas Shipley, and particularly the interest of said John J. Thomas in the estate of Samuel Harvey, Jr., deceased, in the hands of the said Thomas Shipley, executor of the will of said Samuel Harvey, Jr., deceased, and made known to the said Thomas Shipley, executor aforesaid, garnishee, by giving him a true and attested copy of the within writ, and making known to him the contents thereof, on said December 7, 1885, at 12:30 P. M."

After the issuing of the executions in the cases of Maitland,

Gerlach, and Bachman, Austin M. Purves filed an affidavit which set forth the facts above stated, and alleged that the services of the attachments issued by the several plaintiffs above named are invalid, as not made in the manner provided by the acts of assembly, of April 13, 1843 (P. L. 235), and June 13, 1836, § 48 (P. L. 580); that the attachment issued upon the deponent's judgment has been duly served in accordance with the act of assembly aforesaid, and, therefore, is the first and only lien upon the interest of said John J. Thomas, in the estate of said Samuel Harvey, Jr., deceased.

Upon this affidavit the court granted a rule to show cause why the judgments in favor of Lex, Maitland, Gerlach, and Bachman against the garnishee, and the executions issued in favor of Maitland, Gerlach, and Bachman should not be set aside and service of the writs of attachment quashed. After hearing, the court discharged this rule; and Purves took this writ, assigning such action of the court as error.

*J. M. & W. P. Gest,* for plaintiff in error.—I. A legacy can only be attached under the act of April 13, 1843, § 10 (P. L. 235), Brightly's Purdon's Digest, 746, in the same manner as debts due are made subject to attachment by the act of June 16, 1836, entitled "An Act Relating to Executions." §§ 32–37 (P. L. 767), Purdon's Digest, 745.

II. Under the above acts a legacy like a debt due can only be "attached and levied in satisfaction of a judgment in the manner allowed in the case of a foreign attachment," that is, under the foreign attachment act of June 13, 1836, § 48 (P. L. 580), Brightly's Purdon's Digest, 824, which provides, "In the case of personal property the attachment shall be executed as follows, to wit: The officer to whom such writ shall be directed shall go to the person in whose hands or possession the defendant's goods or effects are supposed to be, and then and there declare, in the presence of one or more credible persons of the neighborhood, that he attaches the said goods or effects."

III. Goods and effects, including therein debts due, can be attached by process of foreign attachment only in the prescribed manner; that is, by the declaration of the sheriff, in the presence of one or more credible witnesses of the neighborhood, that he attaches said goods and effects,—and this is clear:

1. From the plain and direct wording of the acts of assembly,

2. From the nature of the writ and the attachment process *in rem.*

3. From the decided cases. Hollister v. Goodale, 8 Conn. 332, 21 Am. Dec. 674; Pennsylvania R. Co. v. Pennock, 51 Pa. 244, 253; Hayes v. Gillespie, 35 Pa. 155, and Lambert v. Challis, 35 Pa. 156, notes; Vandergrift's Appeal, 83 Pa. 126; Shriver v. Harbaugh, 37 Pa. 399; Jaffray's Appeal, 101 Pa. 583; Morgan v. Watmough, 5 Whart. 125; Hunter v. Clarke, 16 W. N. C. 558; Wanamaker v. Stevens, 43 Phila. Leg. Int. 56; Connell v. Godfrey, 22 Pittsb. L. J. 136.

IV. The attachment execution, assimilated to the foreign attachment both by its very nature and the acts of assembly, is really a combination of two writs: one, the attachment directed against the *res,* or thing attached, and to be executed by the solemn declaration in the presence of a credible witness, and the other a clause of scire facias to the person garnished or warned of the attachment. Both commands of the writ must be obeyed, in order to perfect the attachment. Wray v. Tammany, 13 Pa. 394; Gochenaur v. Hostetter, 18 Pa. 414; Lex v. Potters, 16 Pa. 295; Fitch v. Ross, 4 Serg. & R. 563; Childs v. Digby, 24 Pa. 23; Franklin v. Rush, 1 Phila. 571; Strouse v. Becker, 44 Pa. 206; Kase v. Kase, 34 Pa. 130; Stewart v. M'Minn, 5 Watts & S. 100, 39 Am. Dec. 115; Lorenz v. King, 38 Pa. 93; Schober v. Mather, 49 Pa. 21; Poor v. Colburn, 57 Pa. 415; Skidmore v. Bradford, 4 Pa. 300.

V. Every question which has yet arisen upon the construction of the act of June 16, 1836, on attachment executions, has been decided upon the analogies afforded by the act of June 13, 1836, on foreign attachment, and the cases decided under that act. Neely v. Grantham, 58 Pa. 438; Baldwin's Appeal, 86 Pa. 483; Roth's Appeal, 94 Pa. 186; Raiguel v. McConnell, 25 Pa. 362; Shaffer v. Watkins, 7 Watts & S. 227; Reed v. Penrose, 36 Pa. 238; Hall v. Knapp, 1 Pa. St. 213; Fulweiler v. Hughes, 17 Pa. 447; Rhoads v. Megonigal, 2 Pa. St. 39; Layman v. Bean, 6 Whart. 181; Sheetz v. Hobensack, 20 Pa. 412; Silverwood v. Bellas, 8 Watts, 420; Mahon v. Kunkle, 50 Pa. 216.

VI. The provision in the act of June 16, 1836, § 36, that the writ shall be served on the garnishee as a summons in a personal action, has no reference to the execution of the attachment itself, but was intended simply to point out the method in which

an attachment properly executed might be perfected by the service of the scire facias contained in the writ upon the persons entitled to notice.

VII. If the property itself is not attached in the statutory manner, but the writ is served merely "as a summons" on the garnishee, the property or *res* is not brought within the jurisdiction of the court; and a judgment rendered in the suit is ineffectual to bind the property, and is absolutely void. Other attaching creditors, whose attachments have been levied on the *res* and who have thus acquired a valid lien upon it, have a right to intervene and show the invalidity of prior attachments. Vandergrift's Appeal, 83 Pa. 127; Noble v. Thompson Oil Co. 79 Pa. 354, 21 Am. Rep. 66; Eby v. Guest, 94 Pa. 160; Betts v. Towanda Gas Co. 97 Pa. 367; Frost v. Holmes, 11 W. N. C. 442; Sterrett v. Howarth, 76 Pa. 438; Bryan v. Trout, 90 Pa. 492; Pfoutz v. Comford, 36 Pa. 420; Reed's Appeal, 71 Pa. 378; Hayes v. Gillespie, 35 Pa. 155; Gibson v. Wilson, 5 Ark. 422; Southern Bank v. McDonald, 46 Mo. 31; Suydam v. Huggeford, 23 Pick. 472; Norvell v. Porter, 62 Mo. 310; Rankin v. Dulaney, 43 Miss. 197, and Moore v. Coats, 43 Miss. 225; Crizer v. Gorren, 41 Miss. 565; Ezelle v. Simpson, 42 Miss. 515; Sanford v. Atwood, 44 Conn. 141; Stone v. Miller, 62 Barb. 442; Drake, Attachm. § 262; Wade, Attachm. § 126; Murray v. Hankin, 30 Hun, 37; Bates v. Plonsky, 28 Hun, 112; 64 How. Pr. 232; Donnell v. Williams, 21 Hun, 216; Ruppert v. Haug, 87 N. Y. 141.

*Wm. Henry Lex,* for Lex, *Harry L. Neall* and *James W. Latta,* for Bachman, Gerlach, and Maitland, defendants in error, and *Rufus E. Shapley* and *David W. Sellers,* for the sheriff of Philadelphia county.—I. The attachments of the defendants in error were issued under the provisions of the act of April 13, 1843, § 10, Pl. 235 (Brightly, Purdon, 746), against the distributive share of John J. Thomas, the defendant, in the hands of the executor of Samuel Harvey, Jr., deceased; and the attachments were executed and pursued to final judgment in accordance with the requirements of the law.

In the case of an absent foreign debtor, foreign attachment is an efficient remedy against his three classes of property, *viz.:* (1) Real property; (2) personal property (goods and effects); (3) debts and choses in action.

Prior to the act of June 16, 1836, a debtor's debts and choses in action could not be made responsible to satisfy his own obligations. That act provided a remedy, commonly known as attachment in execution, by which this class of property could be taken in execution. To this end it operated primarily to transfer to the plaintiff the right to sue and recover from the debtor of the defendant and apply the results in satisfaction of the judgment, as fully and amply as the defendant himself might have done.

The act in this particular has reference wholly to intangible things, and is essentially a garnishment, rather than an attachment.

In 1843 the legislature extended the foreign attachment process so as to include the interest of an absent foreign debtor in either of the three classes of property obtained in the estate of a decedent by will or intestacy. Act of April 13, 1843, § 10 (P. L. 235).

This act is utterly without provision for its enforcement except that the proceedings must be according to the terms of the act of 1836.

II. Under the act of June 16, 1836, debts due may be attached and levied in satisfaction of a judgment, in the manner allowed in the case of a foreign attachment; and § 36, in providing that the writ shall be served in the manner provided for the service of a writ of summons in a personal action, clearly regulates the manner in which the garnishment shall be made, and is, as well, declaratory of the manner allowed in the case of foreign attachment against a debt or chose in action. King v. Hyatt, 41 Pa. 233.

In Pennsylvania the action of foreign attachment is not a purely statutory remedy, depending solely upon the statutes for its life and vigor, but is part of our common law, having been brought here, together with other customs, by the earliest colonists, who were largely citizens of the privileged cities of London, Bristol, and Liverpool. And if all the laws that are now, or ever have been, on the statute books of this commonwealth were repealed, the process of foreign attachment would nevertheless be open to suitors as a remedy for the collection of debts. Lyle v. Richards, 9 Serg. & R. 330; Duke of York's Book of Laws, pp. 149, 150, 153, 162, 171, 212, 289; Sergeant,

Attachm. p. 48; Graighle v. Notnagle, Pet. C. C. 249, Fed. Cas. No. 5,679; Schacklett's Appeal, 14 Pa. 329.

There is no particular mode prescribed by the act regulating foreign attachment for the garnishment of a debt or chose in action, although there is full and complete provision for the subsequent proceedings to compel the garnishee to answer as well for his debts to the absent defendant as for the real and personal property, goods, and effects of said defendant in his hands or possession. Ludlow v. Bingham, 4 Dall. 55, 1 L. ed. 739; Schacklett's Appeal, 14 Pa. 329; Keyes v. Milwaukee & St. P. R. Co. 25 Wis. 693; Drake, Attachm. § 244, et seq.; Vandergrift's Appeal, 83 Pa. 126, 129.

"Goods and chattels" is a term which includes not only personal property in possession, but choses in action and chattels real. Bouvier, Law Dict. Goods and Chattels.

Worcester—"Effects, (law), goods, movables, furniture, personal estate, personal and movable goods."

Encyclopedia Dictionary—"Effects, goods, movables, personal estate." 3 Bl. Com. chap. 27; Barnes v. Treat, 7 Mass. 272; Banning v. Sibley, 3 Minn. 404, Gil. 282; Bouvier Law Dict. Effects, ed. 1848; Vandergrift's Appeal, 83 Pa. 129.

There has been a constant practice "whereof the memory of man runneth not to the contrary" to garnish or attach a debt merely by service of the writ of attachment on the garnishee. Hunter v. Clarke, 16 W. N. C. 558; Wanamaker v. Stevens, 43 Phila. Leg. Int. 56; Brock v. Brock, 43 Phila. Leg. Int. 37; Viner Abr. Custom of London (k) Foreign Attachment, p. 232; Sergeant, Attachm. p. 19; Shriver v. Harbaugh, 37 Pa. 401; Raiguel v. McConnell, 25 Pa. 363; Barr v. King, 96 Pa. 485; Childs v. Digby, 24 Pa. 25.

PER CURIAM:

These four cases were argued together. Each presents the question of the sufficiency of the service of the writ of attachment which issues on a judgment. The property attached was not of that kind of movable property which the officer of the law could take into his possession. It was debts due from the garnishee to the defendant in the judgment. Whatever doubt may exist as to the manner of service necessary where the purpose is to reach some kind of property, it is clear that a debt may be attached in the manner these were; that is, in the manner

provided for the service of a writ of summons in a personal action.

Judgment in each case affirmed.